

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. W. Allen
District Attorney
Hamilton, Texas

Dear Sir:                    Opinion No. O-2411
                             Re: Meaning of term "travel-
                                 ing dentist."

          In your letter of May 23, 1940, you request our
opinion in response to the following question:

          "May a dentist with a fixed resi-
     dence and practice in one County answer
     professional calls to adjoining Counties
     which are communicated to him without
     being liable for a tax as a 'traveling
     dentist' within the purview of Art. 7047,
     sub. (3) RCS 1925?"

          Article 7047 (3), Revised Civil Statutes, reads:

          "3. Itinerant physicians, etc. --
     From every itinerant physician, surgeon,
     oculist or medical or other specialist
     of any kind, traveling from place to
     place in the practice of his profession,
     except dentists practicing from place to
     place in the county of their residence,
     an annual tax of fifty dollars. Acts 1907,
     p. 57."

          Webster's New International Dictionary defines the
word "itinerant" as "one who travels from place to place."
Bearing that in mind, we think there is no substantial dif-
ference in the present statute and the Act involved in the
case of Hairston vs. State, 37 S. W. 858, other than the
exception as to "dentists practicing from place to place in
the county of their residence" now embodied in said Article
7047 (3). From the opinion of the Court of Criminal Appeals

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

In that case, we quote:

"* * *   In regard to occupation
taxes, article 5049 of the Revised Stat-
utes of 1895 provides:  'From every phy-
sician, surgeon, oculist, or medical or
other specialist of any kind, travelling
from place to place in the practice of
his profession, an annual tax of fifty
dollars, in each county where he may
practice his profession,' shall be col-
lected.  * * *  The testimony shows, in
so far as it relates to this phase of the
case, that appellant lived at Navasota,
in Grimes county, and that upon one occasion
a couple of gentlemen from Bryan, in Brazos
county (an adjoining county to Grimes),
went to Navasota, and sought the services
of the appellant as a medical specialist.
He being absent from Navasota, a request
was left that he should attend the call of
these gentlemen at Bryan upon his return.
This request he complied with, and made
two appointments each month to attend
cases in his line of practice at Bryan.
It may be conceded that twice during the
month appellant visited Bryan as a medical
specialist.  * * *  We do not understand
this expression, 'travelling from place to
place,' to refer to physicians, surgeons,
medical or other specialists who are enu-
merated in the statute, or to relate to
those who have an office or place of busi-
ness, and attend calls in their profession
at other and different places in other and
different counties than the place of their
location.  As we understand this term,
'travelling from place to place,' it refers
to those parties enumerated in the statute
who go from place to place traveling over
the state, pursuing their occupation, calling,
or profession in that manner. We would not
be understood as holding that a person may
not have an office or place of residence, in
which he pursues his occupation, at some
particular point in the state, and not be
amenable to the law as a traveler, -- that is,

one going from place to place pursuing
his occupation; but in such case, to be a
traveler, pursuing his occupation in the
state, he must travel from place to place,
pursuing his vocation in an itinerant method.
The case before us is not within that cate-
gory. Here the physician or specialist had
two places of business. Part of his time he
spent at one, and the other part of his time
at the other, place. This does not carry
with it the idea of itineracy, or traveling
from place to place, as we understand the
meaning of this term, within the purview of
the law. * * *"

Without the exception in the statute, it is quite
clear that the dentist to whom you refer could not be classed
as an itinerant subject to the tax. We think the exception
was meant to exempt certain persons from the tax, that is,
itinerant dentists confining their activities to the counties
of their respective residences. It was not intended to reach
out and bring within the statute those who would not be af-
fected by the statute otherwise.

As we understand the facts from your letter, the
dentist in question is not practicing his profession outside
the county of his residence except in response to specific
calls. In our opinion he is not an itinerant dentist subject
to the tax and we answer your question in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

APPROVED JUN 7, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:RS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN